Before: SCHROEDER and N.R. SMITH, Circuit Judges, and KRONSTADT,** District Judge.
ORDER
The prior memorandum disposition and dissent filed on June 28, 2016, are hereby amended concurrent with the filing of the amended disposition today. With these amendments, Judge N.R. Smith has voted to deny the petition for rehearing en banc, and Judges Schroeder and Kronstadt have so recommended.
The full court was advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.
The petition for rehearing en banc is DENIED. No further petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.
AMENDED MEMORANDUM *
The Nevada Attorney General appeals the district court’s order conditionally granting Peter Elvik’s 28 U.S.C. § 2254 habeas corpus petition, arguing that (1) the district court was obligated to develop alternative theories to support the Nevada Supreme Court’s decision, and (2) the district court erred by concluding that the trial court’s failure to provide a jury instruction was not a harmless error. We affirm.
1. The district court was not obligated to develop alternative theories to support the *540 Nevada Supreme Court’s decision. The Nevada Supreme Court did not provide a summary decision without-reasoning, as in Harrington v. Richter, 562 U.S. 86, 96, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), or a decision that failed to address one of petitioner’s claims, as in Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1096-97, 185 L.Ed.2d 105 (2013). Instead, the Nevada Supreme Court provided a reasoned decision that addressed all of the key issues in Elvik’s petition. Therefore, the district court did not err by analyzing the rationale of the Nevada Supreme Court as presented in its reasoned opinion.
2. In Davis v. Ayala, the Supreme Court clarified that the Nevada Supreme Court’s harmless error determination must be analyzed under the framework set out in 28 U.S.C. § 2254(d). — U.S. -, 135 S.Ct. 2187, 2198, 192 L.Ed.2d 323 (2015). Here, the Nevada Supreme Court provided a reasoned decision on whether the error was harmless. But the court analyzed the error under a more deferential state law standard rather than Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which is the required standard for determining whether federal constitutional errors are harmless. This was “contrary to ... clearly established federal law,” and when a state court applies the incorrect legal standard, we afford it no deference. See Shirley v. Yates, 807 F.3d 1090, 1101 (9th Cir. 2015). Instead, we proceed to analyze whether the error was harmless de novo.
3. The trial court’s failure to provide the jury with an instruction regarding Nevada Revised Statute section 194.010 was not a harmless error. On collateral review, an error is not harmless if it “had [a] substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Under this standard, petitioners are not entitled to habeas relief “unless they can establish that [the trial court’s error] resulted in ‘actual prejudice.’” Id. The Supreme Court has explained:
[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough [evidence] to support the result, apart from ... the error. It is rather ... whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.
Kotteakos, 328 U.S. at 765, 66 S.Ct. 1239. Additionally, “[w]here the record is so evenly balanced that a judge ‘feels himself in virtual equipoise as to the harmlessness of the error’ and has ‘“grave doubt” about whether an error affected a jury [substantially and injuriously], the judge must treat the error as if it did so.’” Merolillo v. Yates, 663 F.3d 444, 454 (9th Cir. 2011) (second alteration in original) (quoting O’Neal v. McAninch, 513 U.S. 432, 435, 437-38, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)).
Nevada Revised Statute section 194.010 creates a presumption that children (between the ages of eight years and fourteen years) lack the capacity to distinguish right from wrong. See Winnerford Frank H. v. State, 112 Nev. 520, 915 P.2d 291, 293 (1996). Accordingly, the prosecution bears the burden of rebutting this presumption by establishing, through clear proof, “that at the time of committing the act ... [the child] knew its wrongfulness.” Nev. Rev. *541 Stat. § 194.010. Elvik’s proposed instruction (based on section 194.010) stated:
All persons are liable to punishment except those belonging to the following class as it applies to this ease:
Children between the ages of eight years and fourteen years, in the absence of clear proof that at the time of committing the act charged against them they knew its wrongfulness. Peter Elvik was fourteen years old on August 31, 1995.
The trial court rejected the instruction. Accordingly, the trial court did not instruct the jury as to the applicability of section 194.010.
We have “grave doubts” as to whether the trial court’s error was harmless. See Garcia v. Long, 808 F.3d 771, 781 (9th Cir. 2015) (“[The Brecht] standard is satisfied if the record raises ‘grave doubts’ about whether the error influenced the jury’s decision.”). Juries are presumed to follow the instructions given to them by the trial court. Vitello v. United States, 425 F.2d 416, 422 (9th Cir. 1970). Thus, had the trial court given the instruction, the jury would have been required to presume that Elvik was not liable for his actions, unless the government proved by clear evidence that Elvik knew (at the time he committed the crimes) that his conduct was wrong. The trial court’s failure to give the instruction relieved the government of its burden of proving an element of the crime.
The government contends that, even without the instruction, the record contains sufficient evidence indicating that Elvik understood the wrongfulness of his actions, and that he cannot meet the standard that there was “much more than a ‘reasonable possibility’ that the result of the [trial] would have been different.” Davis, 135 S.Ct. at 2203 (citing Brecht, 507 U.S. at 637, 113 S.Ct. 1710). The evidence in the record, however, is mixed. Some evidence suggests that Elvik may have known that what he did was wrong. He fled from a motel when informed the police were coming, he hid the victim’s handgun and money clip, he gave the police a false name, and he testified at trial that he “didn’t want some little kid to find the [handgun], or shoot, you know, or anything like that.” Other evidence, however, suggests that El-vik was immature and childish, and did not understand the wrongfulness of his actions. He remarked that he might not live long because of “some big earthquake,” he referred to his mother with a crude expletive, he believed he would be sent to juvenile detention, and he testified at trial that he was scared and did not think anyone would believe him. Still more evidence could be viewed by the jury to support either contention, such as Elvik’s made up story of being under the influence of LSD. On the basis of the full record and given the state’s burden of proof we are persuaded that had the jury been properly instructed, there was a reasonable probability the jury would have acquitted him, not merely a reasonable possibility that they could have. We agree with the district court ánd conclude that the trial court’s failure to provide a jury instruction regarding section 194.010 was not harmless.
Because we affirm the district court’s conditional grant of Elvik’s habeas petition, we do not reach the issues raised in Elvik’s cross appeal.
AFFIRMED.

 The Honorable John A, Kronstadt, District Judge for the U.S. District Court.for the Central District of California, sitting by designation.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.